UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00290-H

KAREN S. WHISENANT,                                                                    PLAINTIFF

V.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Karen S. Whisenant, brought this action after being denied underinsured motorist benefits ("UIM benefits") from her insurer, Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), for injuries she sustained in a motor vehicle accident. Whisenant asserts breach of contract and bad faith claims. State Farm has moved for summary judgment on all claims, arguing that Whisenant's breach of contract claim is time barred by the two-year contractual limitations period set forth in an endorsement to the insurance contract. For the reasons that follow, this Court sustains State Farm's motion.[1]

I.

Whisenant was involved in a motor vehicle accident on March 26, 2009, when Stephen G. Fogle crossed the median of Dixie Highway and collided with Whisenant's vehicle. At the time of the accident, Whisenant had an automobile insurance policy issued by State Farm (the "Policy").

---

[1] Whisenant argues that the motion for summary judgment is premature and asks the Court to defer ruling to allow the parties to engage in discovery. However, the parties do not dispute the facts, and the only legal issue presented, the applicability of the amendatory Endorsement 6126GP, is straightforward. At this stage, the matter is ripe for summary judgment.

1

The Policy, in part, provided UIM benefits where the insured is in an accident with someone who is found at fault but has insufficient insurance to fully compensate the insured's injuries.

Whisenant suffered injuries that exceeded the liability coverage of the at-fault driver, Fogle. After exhausting her PIP benefits under the Policy,[2] Whisenant sought UIM benefits from State Farm. On March 15, 2012, Whisenant made a demand for UIM benefits in the amount of $75,000. State Farm denied Whisenant's demand, stating that she failed to make the claim within the contractual limitations period set forth in the Policy. Specifically, State Farm points to Policy Endorsement 6126GP, which provides that policy holders must file a claim for UIM benefits within two years from the date of the accident or from the last basic or added reparation payment made, whichever occurs later.[3] As the accident occurred on March 26, 2009 and the last basic reparation payment occurred on January 26, 2010, State Farm maintains that Whisenant's March 12, 2012 demand for UIM benefits is time-barred by the contractual period of limitations. Following the denial of her claim for UIM benefits, Whisenant filed this action asserting the following claims: (1) breach of contract, (2) violation of the Unfair Claims Settlement Practices Act ("UCSPA"), (3) common law bad faith, (4) attorney's fees, and (5) punitive damages.

State Farm has moved for summary judgment on all claims. Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment bears the burden of proving that the nonmoving party has presented no genuine issues of

---

[2] Consistent with the Policy, State Farm paid basic reparation benefits (also known as "PIP benefits") to, or on behalf of Whisenant, for medical expenses resulting from the accident.

[3] Policy Endorsement 6126GP provides in full:
>There is no right of action against us: (d) under insured motor vehicle coverage or underinsured motor vehicle coverage unless such action is commenced not later than two (2) years after the injury, or death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs.

material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has satisfied this burden, the nonmoving party bears the burden of proving the existence of a disputed factual element upon which the nonmoving party bears the burden of proof at trial. *Id.* The Court will view the facts and draw all inferences in favor of the nonmoving party. *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

II.

Policy Endorsement 6126GP unequivocally provides that suits for UIM benefits must be filed within two years after the injury or the last basic reparation payment, whichever occurs later. Whisenant does not dispute that her UIM demand is not within two years of the accident or the last basic reparation payment. Rather, Whisenant's sole defense is that she was unaware of the contractual time limitation set forth in Policy Endorsement 6126GP. She maintains that she did not receive any documentation containing Policy Endorsement 6126GP, and as such, the contractual time limitation set therein cannot be applied to her. Consequently, she argues that the default fifteen year breach of contract limitation period must apply. State Farm counters that Whisenant was put on notice of the time limitation, because State Farm included the amendatory endorsement in documents provided to Whisenant.

In issuing the Policy on or about September 14, 2004, State Farm sent Whisenant a general automobile insurance policy booklet. Policy Endorsement 6126GP was not in the policy booklet Whisenant received; that booklet required suit to be filed within two years from the date of the accident.[4] However, a Declaration Page sent with the policy booklet, dated September 14, 2004,

---

[4] Kentucky Courts have previously held such a provision to be void and unenforceable. *See Gordon v. Ky. Farm Bureau Ins. Co.*, 914 S.W.2d 331 (Ky. 1995).

contained Policy Endorsement 6126GP. ECF No. 11-3.[5] As such, State Farm argues that Whisenant did have notice of the policy change, and Policy Endorsement 6126GP was in effect on the date of the accident, March 26, 2009.

This factual scenario in the case at bar is remarkably similar to a recent Kentucky Court of Appeals opinion that addressed the applicability of the same contractual period limitation present in the Policy. The plaintiff in that case asserted a similar defense to Whisenant, maintaining that State Farm presented no evidence that the "insurance contract, along with its amendatory endorsement, was ever delivered, received, and/or acknowledged by" the insured. *Perry v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 1556311, at *1 (Ky. Ct. App. May 4, 2012). The plaintiff argued she was not on notice of the contractual time limitation, and as such, it was unenforceable. The Court held that, in admitting receipt of the policy and paying the premiums on the policy, the insured "bound herself to the terms of the policy, including the limitations for filing an action contained therein." *Id*. at *3. The Court found that lack of awareness of the policy provision could not serve as a legal basis for voiding the provision at issue. *Id*.

Whisenant denies ever seeing Policy Endorsement 6126GP, but she does admit to receiving the Policy. State Farm has established policies and procedures in mailing certain documentation to policy holders, and has produced a Declarations Page Matching Form which confirms that the policy booklet and September 14 Declarations Page was sent to Whisenant. Additionally, like the plaintiff in *Perry*, Whisenant continued to pay premiums on the Policy and avail herself of Policy benefits.

---

[5] Declarations Pages are issued to policyholders upon inception or renewal of the policy. They are simply a summary of the insurance policy. If a change is made to the policy, the Declaration Page will include an Exceptions and Endorsements section delineating amendatory terms. Whisenant's Policy went into effect August 30, 2004. The Declaration Page, dated September 14, 2004, provides that a policy holder's "policy consists of this declarations page, the policy booklet – form 9817.5, and any endorsements that apply, including those issued to you with any subsequent renewal notice." EMF No. 11-3. On the next page, it lists four Exceptions and Endorsements, including Policy Endorsement 6126GP. *Id.*

As such, she is bound to all of the Policy's provisions in effect on the date of her accident, including the amendatory endorsement at issue.

There is no dispute that Whisenant filed her action against State Farm for UIM benefits more than two years after the last basic reparation payment.[6] Whisenant was not entitled to UIM benefits when she made her March 15, 2012 demand, and as such, State Farm did not breach the Policy when it denied her UIM benefits demand. Accordingly, Whisenant's breach of contract claim fails as a matter of law.

Because State Farm had no contractual obligation to pay UIM benefits to Whisenant, her common law and statutory bad faith claims, and claims for attorney's fees and punitives, must be dismissed as a matter of law. *See Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000)(holding that in the absence of a contractual obligation in an insurance policy for coverage, "there simply is no bad faith cause of action, either by common law or statute").

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant State Farm's motion for summary judgment is SUSTAINED. Plaintiff Whisenant's claims are DISMISSED with prejudice.

This is a final order.

---

[6] The Kentucky Court of Appeals has held that a two-year statute of limitations to commence an action for UIM benefits set forth in an insurance contract is "not unreasonable." *Perry*, 2012 WL 1556311, at *8 (citing *Elkins v. Ky. Farm Bureau Mutual Ins. Co.*, 844 S.W.2d 423 (Ky. Ct. App. 1992)). Accordingly, the two-year contractual limitations period set forth in the Policy is both reasonable and enforceable under Kentucky law.

cc:      Counsel of Record