UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00290-H

KAREN S. WHISENANT,                                                                          PLAINTIFF

V.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,                                                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

On March 6, 2013, the Court entered a Memorandum Opinion and Order (the "March Order") awarding summary judgment to Defendant, State Farm Mutual Automobile Insurance Company, on Plaintiff, Karen S. Whisenant's claims of breach of contract and bad faith related to her denial of underinsured motorist benefits ("UIM benefits"). Before the Court is Plaintiff's motion to alter, amend or vacate the March Order pursuant to Federal Rule of Civil Procedure 59(e). For the following reasons, the Court will deny the motion.

In its March Order, the Court first concluded that Plaintiff's breach of contract claims were time barred by the relevant two-year contractual limitations period provided for in an endorsement to her insurance contract (respectfully, "Policy Endorsement 6126GP" and the "Policy"). Second, because Defendant did not breach the Policy and had no contractual obligation to pay Plaintiff any UIM benefits, the Court dismissed her common law and statutory bad faith claims as a matter of law. Plaintiff now brings a Rule 59(e) motion challenging the Court's determinations, principally arguing that she never received Policy Endorsement 6126GP, and was therefore not on notice of the two-year contractual limitations period.

1

A party may challenge a judgment by timely filing a Rule 59(e) motion. Generally, district courts grant Rule 59(e) relief only in limited circumstances "if there is clear error of law, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). Rule 59(e) motions permit the district court to correct its own errors, thus "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation omitted). Importantly, a Rule 59(e) motion "does not serve as an opportunity to re-argue a case" and is not a vehicles "to raise arguments which could, and should, have been made before judgment issued." *Tritent Intern. Corp. v. Kentucky*, 395 F. Supp. 2d 521, 523 (E.D. Ky. 2005) (internal quotation and citation omitted).

Plaintiff argues that this Court erroneously stated that she admitted to receiving the Policy at issue, and was therefore on notice of Policy Endorsement 6126GP. Plaintiff asserts that she in fact never received the Policy, but rather was under the belief that the terms of her previously issued insurance policy (the "Original Policy") were still operative. The Original Policy did not contain the same contractual limitations period as memorialized in Policy Endorsement 6126GP. Because she altogether never received the Policy, and therefore had no knowledge of Endorsement 6126GP, Plaintiff argues that she cannot be bound to the Policy's two-year contractual limitations period.

The Court has reviewed the filings, paying particular notice to Plaintiff's affidavit. Admittedly, there is some ambiguity as to which insurance policy she admits receiving. However, even if Plaintiff can prove that she has no actual notice of receipt, which the Court does not concede, the Court can reasonably find that Plaintiff was at the very least on constructive notice of the terms of the Policy, including Endorsement 6126GP. Kentucky courts

recognize the presumption of mailing, which is afforded to an insurer should it establish a regular business usage of mailing. *See Goodin v. Gen. Acc. Fire & Life Assur. Corp.*, 450 S.W.2d 252 (Ky. 1970).[1]

The presumption is as follow: "Proof of mailing may be satisfied by showing compliance with business usage [provided that] the business usage relied upon [embodies] sufficient evidentiary safeguards to satisfy the need for protection of the affected party in the particular transaction concerned." *Id.* at 257. In *Goodin*, the Kentucky Supreme Court found that the insurer's business usage established positive proof of a regular system of mailing where the insurer came forth with a postal receipt, a record certification, a return address on the envelope, and the use of first-class mail as the means of transmittal. *Goodin*, 450 S.W.2d at 257.

The Court is satisfied that Defendant has met its burden of establishing a mailing scheme, and is therefore entitled to the presumption that a properly mailed letter, in this case the Policy, has been received. Defendant presents two affidavits of employees who attest to Defendant's automated policy and mailing procedures. *See* ECF Nos. 11-3 and 15-1. As custodian of the records, they are both familiar with Defendant's usual business customs for mailing an insurance policy to an insured.

Plaintiff has not proffered any evidence to challenge Defendant's mailing customs. She merely denies receipt of the Policy. This is not enough to overcome the presumption that she received the Policy. *See Koscot Interplanetary, Inc. v. Com., By Allphin*, 649 S.W.2d 201, 202 (Ky. 1983) ("Once such positive proof of a regular system of mailing has been offered, a mere denial of receipt would not overcome the presumption that a letter properly mailed has been received."). Defendant has a definite and specific mailing procedure and appears to have

---

[1] The Court notes that *Goodin* involved an insurer mailing a cancellation of insurance, whereas this case involves the mailing of an issuance of insurance. The Court finds this factual distinction irrelevant to the Court's analysis in this case, and thus the rules relating to proof of mailing set forth in *Goodin* can be extrapolated to the case at bar.

complied with its business usage when it mailed Plaintiff the Policy. As such, there is a presumption that Plaintiff received the Policy, and with it Endorsement 6126GP. Plaintiff has failed to overcome this presumption, and accordingly, the Court finds no reason to alter, amend or vacate its March Order.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff, Karen S. Whisenant's motion to alter, amend or vacate this Court's March 6, 2013 Order is DENIED.

cc: Counsel of Record